# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at LONDON

**CIVIL ACTION NO. 13-190-DLB**

**HARRY FUGATE**                                                                      **PLAINTIFF**

**vs.**                    **MEMORANDUM OPINION & ORDER**

**CAROLYN W. COLVIN,**
**COMMISSIONER OF SOCIAL SECURITY**                       **DEFENDANT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## I. INTRODUCTION

This matter is before the Court on the parties' cross motions for summary judgment. (Docs. # 10 & 11). For the reasons set forth below, Plaintiff's Motion (Doc. #10) shall be **denied**, and Defendant's motion shall be **granted.**

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Harry Fugate is a resident of Bonnyman, Kentucky. (Doc. # 8-1, at 6). Though he was formerly employed as a butcher, he no longer works and allegedly suffers from back pain and shoulder pain. (*Id.* at 18). At his hearing, Plaintiff testified that he regularly seeks mental health treatment for debilitating depression and anxiety. (*Id.*) These problems sometimes make it difficult for Plaintiff to leave the home. (*Id.*)

Plaintiff first applied for disability insurance and supplemental security income benefits on March 5, 2010. (*Id.* at 12). That application was denied initially and upon reconsideration, and was pending a hearing before an ALJ when Plaintiff withdrew the

1

application. (*Id.*) Plaintiff then filed another application on February 22, 2011, for disability and disability insurance benefits, alleging the same onset date. (*Id.*) That second application was denied initially, upon reconsideration, and after a hearing before Administrative Law Judge (ALJ) Don Paris. (*Id.* at 22, 79-82).

## III. DISCUSSION

### A. Standard of Review

The Court's review is limited to determining whether the Commissioner's decision followed proper legal standards and whether the Commissioner's findings are supported by substantial evidence . *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Under this deferential standard, courts will not substitute their judgment for that of the ALJ. *Id.* The Court does not resolve evidentiary conflicts or decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Interpretations of statutes and agency regulations are questions of law, which the Court will review de novo. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

### B. The five-step process and the residual functional capacity

In deciding whether to award disability benefits, the ALJ must proceed through a five-step analysis. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). At step one, the ALJ determines whether the applicant is gainfully employed. 20 C.F.R. § 404.1520(b). At step two, the issue is whether the applicant suffers from any serious physical or mental impairments. *Id.* at § 1520(c) . Assuming the answer is yes, the ALJ then considers whether the applicant's impairments are among those listed in Social Security regulations, such that the applicant is presumed disabled. *Id.* at § 1520(d).

2

Neither party disputes the ALJ's fact finding with regards to the first three steps: Plaintiff is not currently employed and does suffer from some significant impairments, but none of these impairments are among those listed in agency regulations. The ALJ found as much in his written opinion. (Doc. # 7-1 at 21).

If a claimant's impairments fail to qualify as a listed impairment under agency regulations, the ALJ must then prepare a residual functional capacity (RFC). 20 C.F.R. § 404.1520(e). This RFC is used at both steps four and five of the decision making process. *Id.* at § 1520(a)(4). At step four, the ALJ decides, in light of the RFC, whether the claimant can perform any past relevant work. *Id.* at § 1520(a)(4)(iv). If so, then the claimant is not eligible for benefits. *Id.* If not, the ALJ then considers alternative work the claimant could do, and evaluates whether enough of that work exists in the national economy to preclude an award of disability benefits. *Id.* at § 1520(a)(4)(v). This determination is based in part on the RFC, which guides the ALJ regarding the type of work the claimant might be able to perform. *Id.*

### C. The ALJ properly ignored the assessment of Patricia Roberts

Plaintiff's supporting memorandum devotes much space to the ALJ's failure to consider the assessment of Patricia Roberts, an agency single decision maker (SDM). Ms. Roberts assessed that Plaintiff was more limited than the RFC provided. For example, Roberts indicated that Plaintiff should avoid concentrated exposure to workplace hazards, a condition that was not included in the RFC. (Doc. # 8-1, at 57). While conceding that the ALJ need not accept Roberts's evaluation wholesale, Plaintiff takes issue with the ALJ's failure to consider Roberts's opinion at all. (Doc. # 10-1, at 4). In support, Plaintiff cites agency regulations, which provide as follows:

> Although the administrative law judge and the Appeals Council are responsible for assessing an individual's RFC at their respective levels of administrative review, the administrative law judge or Appeals Council must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians or psychologists. At the administrative law judge and Appeals Council levels, RFC assessments by State agency medical or psychological consultants or other program physicians or psychologists are to be considered and addressed in the decision as medical opinions from nonexamining sources about what the individual can still do despite his or her impairment(s). Again, they are to be evaluated considering all of the factors set out in the regulations for considering opinion evidence.

SSR 96-6P at 2. Basically, Plaintiff argues, the ALJ must at least mention Roberts's opinion and explain why the ALJ refuses to use it.

While the Court understands Plaintiff's confusion, the problem is that an agency SDM is not a "State agency medical or psychological consultant" as that term is defined in Regulation 96-6p. An SDM has an altogether different role in the determination of disability claims. The SDM makes an initial disability determination in certain circumstances, 20 C.F.R. § 404.906, while medical consultants assist both the Appeals Council and the ALJs in evaluating the evidence at a later stage in the process. Because of these different roles, and because the SDM is typically not a licensed medical professional, agency guidelines provide "that findings made by SDMs are not opinion evidence that Administrative Law Judges (ALJs) or Attorney Adjudicator (AAs) should consider and address in their decisions." *Harris v. Comm'r of Soc. Sec.*, 12-10387, 2013 WL 1192301 (E.D. Mich. Mar. 22, 2013) (quoting Social Security Memoranda 10-1691 (Sept. 14, 2014)); *see* Program Operations Manual System DI 24510.050 ("SDM-completed forms are not opinion evidence at the appeal levels."); *see also Morgan v. Colvin*, 531 F. App'x 793, 794 (9th Cir. 2013) ("An ALJ may not accord any weight, let alone substantial weight, to the opinion of a

4

non-physician SDM."). Roberts, as an SDM, was not an opinion expert. The ALJ's refusal to weigh Roberts's opinion was therefore appropriate.

D.     **There was no ambiguity in the VE Expert's testimony**

Plaintiff's second claim regarding the ALJ's opinion borders on frivolity. Plaintiff apparently believes that it was "unclear whether the ALJ based his findings at Step Five on his opinion that the [sic] Mr. Fugate retained the RFC to perform part-time work." (Doc. # 10-1, at 5). Plaintiff offers little detail to support this proposition. Instead, he hopes that the ALJ's burden at Step 5 of the sequential evaluation process is too heavy to overcome the natural ambiguity in the word "work." This effort is unavailing.

By the Court's reading of the record, there is little doubt that the ALJ relied on a vocational expert who was testifying about full-time–not part-time–work. In the first full exposition of Plaintiff's RFC, the ALJ informs the vocational expert that the individual in question can "maintain attention and concentration for two-hour periods over a 40-hour work week." (Doc. # 8-1, at 15). This alone establishes that the ALJ and the vocational expert were discussing full-time work. Moreover, while the ALJ possesses the burden at Step 5 of the sequential process, there is no reason to question the basic presumption that discussions of "work" are discussions about full-time work.

Some ambiguities are built into the use of language. "Work," for instance, could just easily be a reference to an unpaid internship as a part-time job. But the Court will not allow Plaintiff to make a mountain out of a molehill. Because there is no reason to believe that the vocational expert was testifying about part-time work, the ALJ's reliance on that vocational expert was appropriate.

## IV. CONCLUSION

For the reasons stated herein, the ALJ's written opinion is supported by substantial evidence. ALJ Paris's decision not to weigh the opinion of Patricia Roberts is compelled by agency regulations, and there is conclusive evidence that the vocational expert meant full-time work when he discussed work that Plaintiff could perform. Accordingly,

**IT IS ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **denied**;

2. Defendant's Motion for Summary Judgment (Doc. # 11) is hereby **granted**;

3. This case shall be **dismissed with prejudice**  A Judgment shall be entered concurrently with this opinion.

This 11th day of April, 2014.



Signed By:
David L. Bunning  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\London\13-190 MOO.wpd